NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-164

STATE OF LOUISIANA

VERSUS

SLOANE ROBERTS

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 09-N-749
HONORABLE GREGORY AUCOIN, DISTRICT JUDGE

**********

SHANNON J. GREMILLION

JUDGE

**********

Court composed of Shannon J. Gremillion, Phyllis M. Keaty, and D. Kent Savoie, Judges.

MOTION GRANTED IN PART
AND DENIED IN PART.

Edward Moses, Jr.
Moses Law Firm, LLC
2900 Westfork Drive, Suite 401
Baton Rouge, Louisiana 70827
Counsel for Defendant/Appellant:
    Sloane Roberts


Shane E. A. Romero, Jr.
Law Office of Shane E. Romero, LLC
110 East Pershing Street
New Iberia, Louisiana 70560
Counsel for Respondent:
    Chris Richard

**GREMILLION, Judge.**

Defendant-Appellant, Sloane Roberts (Roberts), filed a motion "to check out her entire non-support record, docket number 09-n-749[,]" which is lodged in this court as an exhibit to this court's docket number 17-916, "for use in her non-support appeal without additional costs and without necessity of duplication." The appeal in the non-support matter has not yet been lodged due to a pending writ application (*See State of Louisiana v. Roberts*, bearing docket number 18-165 in this court) regarding the denial of Roberts' request for a reduction in the costs of appeal. Chris Richard (Richard), the biological father of two children, A.L.R. and B.A.R., of whom Roberts is the mother, objects to Roberts' motion.

In *In Re: A.L.R. and B.A.R.*, 17-916, p. 1-2 (La.App. 3 Cir. 11/14/17), ___ So.3d ___, ___, the facts were set forth as follows:

> Appellant and Appellee, Chris Richard, are the biological parents of the two children involved in this adoption proceeding. Chris Richard is married to Appellee, Maria Richard. The Richards filed a petition seeking the intra-family adoption of the two children by Maria. The initial judgment granting this relief was annulled. However, after a subsequent trial on the intra-family adoption, the trial court entered judgment terminating Appellant's parental rights to the children and granting the intra-family adoption by Maria. Appellant has appealed this ruling.
>
> According to the opposition memorandum submitted by Appellees, the non-support action involves the State of Louisiana, through the Department of Children and Family Services, on behalf of Appellee, Chris Richard, seeking recovery from Appellant and her attorney of record in certain tort litigation due to their purported violation of a statutory lien which the State had perfected against the personal injury lawsuit filed. Appellant had been involved in a vehicular collision which resulted in her filing suit seeking damages. Out of the settlement monies arising from the litigation involving the wreck, Appellant had allegedly agreed to satisfy her child support arrearage.

This opinion decided a motion to consolidate the non-support case with the intra-family adoption case and a motion for leave to check out the non-support record and use it in her appeal of the proceedings brought against her by the State

of Louisiana. Ultimately, this court denied the motion to consolidate and found that the motion for leave was premature. *In Re: A.L.R. and B.A.R.*, ___ So.3d ___.

After her motion to consolidate was denied, Roberts filed a motion to correct the record noting that Richard introduced the entire non-support record into evidence as Exhibit 15 but that the clerk of court for the district court had omitted this exhibit from the record. Roberts allegedly paid an additional sum of money to cover the costs of reproducing these documents. She filed a motion in this court seeking to have the exhibit sent by the district court and added to the record in this court's docket number 17-916. This court signed an order directing the clerk of court for the district court to "transmit without additional costs Sloane's entire non-support record as an exhibit to the record." The record was corrected, and Roberts then filed a motion to check out Exhibit 15, and that motion was granted by this court on January 9, 2018. The order further states that "in accordance with Uniform Rules—Courts of Appeal, Rule 2–1.14[,] [] SLOANE ROBERTS be and is hereby granted use of the entire 'non-support' record, docket number 09-n-749 in her unlodged non-support appeal without necessity of duplication."

On January 23, 2018, Roberts filed an exception of res judicata and an expedited motion to consolidate the non-support and intra-family adoption cases. That motion and exception were assigned to the panel to which the intra-family adoption case was assigned.

Richard objects to Roberts' motion on the ground that Roberts is attempting to avoid paying the costs to file an appeal. That argument is without merit because some amount for costs of appeal will be assessed by the trial court regardless of whether the exhibit is used and because a filing fee will be due in this court before the record will be lodged. Pursuant to La.Code Civ.P. art. 2126, the costs of appeal include "the cost of the preparation of the record on appeal, the fee of the court

reporter for preparing the transcript and the filing fee required by the appellate court."

Richard also argues that the entire record is not contained in Exhibit 15 because the two judgments rendered on December 13, 2016, and March 14, 2017, are not contained therein because they were rendered after the trial concluded. That argument is without merit. The complete record will have to be received by this court before the record can be lodged.[1]

Uniform Rules—Courts of Appeal, Rule 2–1.14 states that: "[a]ny record lodged in this court may, with leave of court, be used, without necessity of duplication, in any other case on appeal or on writ." On January 9, 2018, this court signed an order in *In Re: A.L.R. and B.A.R.*, bearing docket number 17-916 in this court, and granted Roberts leave of court to check out Exhibit 15 and granted use of that exhibit in the un-lodged non-support appeal without necessity of duplication. Based on Uniform Rules—Courts of Appeal, Rule 2–1.14, and the prior order of this court dated January 9, 2018, Roberts' motion for leave to check out Exhibit 15 from the record in 17-916 and to use it in the non-support appeal is hereby granted. Neither the prior order of this court nor Uniform Rules—Courts of Appeal, Rule 2–1.14 make any provision for the non-payment of costs. The costs of appeal in this matter are the subject of a pending writ application in *State of Louisiana v. Roberts*, bearing docket number 18-165 in this court. Therefore, that

---

[1] Louisiana Code of Civil Procedure Article 2127 provides that "[t]he clerk of the trial court shall have the duty of preparing the record on appeal. He shall cause it to be lodged with the appellate court on or before the return day or any extension thereof. Failure of the clerk to prepare and lodge the record on appeal either timely or correctly shall not prejudice the appeal." The appellant may choose to designate those portions of the record that he wants to constitute the record on appeal. La.Code Civ.P. art. 2128. The designation must be made within three days after the appeal. *Id*. If there is no designation, "the record shall be a transcript of all the proceedings as well as all documents filed in the trial court." *Id*.

portion of Roberts' motion which requests that the use of the exhibit be done without any additional costs is hereby denied.

**MOTION GRANTED IN PART AND DENIED IN PART.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.